UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WILLIAM SCALES,

                Plaintiff,

-against-

AMERICAN WEB CODERS; SILICON GRAPHICS,

                Defendants.

1:23-CV-6448 (LTS)

ORDER TO AMEND

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff William Scales, of New York, New York, who is appearing *pro se*, filed this action invoking both the court's federal question and diversity jurisdiction.[1] He sues: (1) American Web Coders; and (2) Silicon Graphics. Plaintiff alleges that the court's federal question jurisdiction to consider this action arises from "[t]he defendant[s'] . . . deliberate[] sabotage[] [of his] company preventing the hiring of a new web developer company in order to complete hired services in order to officially launch." (ECF 1, at 2.) Plaintiff also specifies that he asserts claims of breach of contract and negligence. (*Id.* at 5.) The Court construes Plaintiff's complaint as asserting claims under state law under the court's diversity jurisdiction.

    By order dated July 26, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[2] For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within 60 days of the date of this order.

---

[1] On September 15, 2023, after he filed his complaint, Plaintiff filed a motion for default judgment (ECF 5) and an application for the Court to request *pro bono* counsel (ECF 4).

[2] Under Rule 5.2(a)(3) of the Federal Rules of Civil Procedure, a court submission that refers to a minor child may only do so by using the initials of the minor child's name. *See* Fed. R. Civ. P. 5.2(a)(3). Plaintiff's IFP application, however, reveals the names of minor children. Accordingly, in an abundance of caution, the Court has directed the Clerk to Court to restrict electronic access to Plaintiff's IFP application to a "case participant-only" basis.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).

**BACKGROUND**

Plaintiff asserts that he raises claims of breach of contract and negligence. He alleges that, in February 2022, the defendants "prevented the official launch of corporation(s), which has resulted in damages in many forms. The defendant[s'] actions ha[ve] resulted in loss of revenue, depleted company investments, missed business opportunities, and ha[ve] left the company's business layouts vulnerable." (ECF 1, at 5.) Plaintiff also alleges that the defendants' "actions effect multiple companies, preventing the flagship compan[ies] from launching. Additionally, the defendant[s] refuse[] to provide a refund, preventing the hiring of a new web developer company in order to complete the company's website and mobile application." (*Id.*)

Plaintiff states that the "damages are estimated in the amounts of millions of dollars, possibly accumulating in the billions of dollars." (*Id.*) He also states that "[m]oney damages are pending, but the defendant[s] [are] being sued for the amount of millions of dollars." (*Id.* at 6.)

2

In an attachment to his complaint, Plaintiff further alleges the following:

[t]he defendant[s'] [b]reach of contract and neglect is preventing [Plaintiff] from executing multiple executive business plans which detail acquiring startup funding, advertising, and sales revenue. [Plaintiff] was waiting on the completion of the company's mobile app and website to initiate seeking business loans in the amount of $250,000 and higher. All of [his] initial investments [were] used for hiring 4 web developers that [were] supposed to complete hired services that would have led to the official launch of 5 companies. None of the 4 web developers completed hired services of developing [Plaintiff's] company's web sites and mobile applications and refuse[] to provide [Plaintiff] a refund. In total [Plaintiff] spent $10,000 on company investments. [His] initial investment of $40,000, which was [his] personal savings account, was depleted waiting for the completion of the web developers. [Plaintiff] was also approved a business loan in the amount of $250,000 for 1 of the 5 companies but the loan was pulled last minute by the approving bank because the web developer refused to complete the company's website and mobile application. Additionally, [Plaintiff's] credit score is extremely fragile and lowers dramatically for the smallest increase of credit card utilization since [he is] already around 40% of credit utilization unfortunately. . . . [Plaintiff is] seeking an immediate order for the defendant[s'] default and shouldn't have to use to[o] much of the court['s] resources. The defendant[s] have been non active in court proceedings in Kings County to date. [Plaintiff is] seeking an order for compel in hopes the defendants have completed the hired services and would have to make minor upgrading and polishing, which would be the fastest resolution to launching the companies. [Plaintiff is] also seeking an order for damages because the defendant[s'] neglect has cost [him] missed business opportunities, including sales revenue of multiple products. . . . [*sic*]

(ECF 1-1, at 1.)[3]

## DISCUSSION

### A.     Claims on behalf of other entities

Plaintiff's complaint is unclear as to whether Plaintiff is asserting claims on behalf of himself or on behalf of his businesses, and such businesses appear to be constituted in the form of corporations or other artificial entities. To the extent that Plaintiff asserts claims on behalf of

---

[3] Plaintiff makes similar allegations in other pending *pro se* actions that he has brought in this court. *See Scales v. Web Design Gator*, ECF 1:23-CV-6445, 1 (S.D.N.Y.); *Scales v. Design Nortex*, ECF 1:23-CV-6442, 1 (S.D.N.Y.); *Scales v. LA Web Experts*, ECF 1:23-CV-6441, 1 (S.D.N.Y.).

corporations or other artificial entities, the Court must dismiss those claims. The statute governing appearances in federal court, 28 U.S.C. § 1654, "allow[s] two types of representation: 'that by an attorney admitted to the practice of law by a governmental regulatory body, and that by a person representing himself.'" *Lattanzio v. COMTA*, 481 F.3d 137, 139 (2d Cir. 2007) (quoting *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991)). A nonlawyer cannot bring suit on behalf of another entity. *See United States ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008); *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998). While "some courts allow sole proprietorships to proceed *pro se* [because] a sole proprietorship has no legal existence apart from its owner," *Lattanzio*, 481 F.3d at 140 (citation omitted), courts generally do not allow corporations, partnerships, associations, and other artificial entities to appear in court without an attorney, *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202-03 (1993).

Plaintiff does not allege that he is an attorney, and he does not specify that any of his businesses is a sole proprietorship. Thus, to the extent that Plaintiff asserts claims on behalf of other entities (not including any that are his sole proprietorship), the Court dismisses those claims without prejudice. In light of Plaintiff's *pro se* status, however, the Court grants Plaintiff leave to amend his complaint to allege facts showing that he is asserting claims on his own behalf and not on behalf of another entity.

**B.    Subject matter jurisdiction**

Plaintiff must also amend his complaint to allege facts showing why the Court has subject matter jurisdiction to consider this action. The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, subject matter jurisdiction is available only when a "federal question" is presented or, when asserting claims under state law under a federal district court's diversity jurisdiction, when the

plaintiff and the defendants are citizens of different States and the amount in controversy exceeds the sum or value of $75,000. "'[I]t is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction.'" *United Food & Com. Workers Union, Loc. 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative. . . .").

To invoke federal question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A civil action arises under federal question jurisdiction if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)) (internal quotation marks omitted). Mere invocation of federal question jurisdiction, without any facts demonstrating a federal law claim, does not create federal question jurisdiction. *See Nowak v. Ironworkers Loc. 6 Pension Fund*, 81 F.3d 1182, 1188-89 (2d Cir. 1996).

Plaintiff has not alleged facts showing that this Court can consider his claims under its federal question jurisdiction. Rather, he asserts claims of breach of contract and negligence, which are usually brought under state law, not federal law.

To the extent that Plaintiff asserts claims under state law, his complaint does not show that the Court has diversity jurisdiction of this action. To establish diversity jurisdiction, a plaintiff must first allege that he and the defendants are citizens of different States. *See* 28 U.S.C. § 1332(a)(1); *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998) ("A case falls within the federal district court's 'original' diversity 'jurisdiction' only if diversity of citizenship among the parties is complete, *i.e.*, only if there is no plaintiff and no defendant who are citizens of the same State."). For diversity purposes, an individual is a citizen of the State where he or she is domiciled, which is defined as the place where the individual "has his [or her] true fixed home . . . and to which, whenever he [or she] is absent, he [or she] has the intention of returning." *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) (internal quotation marks and citation omitted). In addition, for diversity purposes, a corporation is a citizen "of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." § 1332(c)(1); *see also The Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) (a corporation's principal place of business is its "nerve center," usually its main headquarters). "[A] limited liability company . . .[,] [however,] takes the citizenship of each of its members." *Bayerische Landesbank, N.Y. Branch v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012).

Moreover, for diversity jurisdiction, the plaintiff must also allege to a "reasonable probability" that his claims are in excess of the sum or value of $75,000, the statutory jurisdictional amount. *See* § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted). The sum claimed by the plaintiff will control if it is made in good faith. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938). It is the Court's duty, however, to dismiss an action where it is

"convinced to a legal certainty that the plaintiff cannot recover an amount in excess of the [minimum statutory jurisdictional amount.]" *Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir. 1994) (quoting *Deutsch v. Hewes St. Realty Corp.*, 359 F.2d 96, 98 (2d Cir. 1966)) (alteration in original, internal quotation marks omitted).

Plaintiff asserts that he is a citizen of the State of New York. (ECF 1, at 2.) He also alleges that Defendant American Web Coders is incorporated in the State of California, and that it has its principal place of business in that State. (*Id.* at 3.) Thus, it appears that Defendant American Web Coders is a citizen of the State of California. Yet, while Plaintiff alleges that Defendant Silicon Graphics's address of record is located in the State of California, he does not allege whether and where that defendant is incorporated and, if it is a corporation, where its principal place of business is located.[4] Accordingly, it is unclear what the state citizenship of Defendant Silicon Graphics is, and thus, whether the parties are diverse for the purpose of this action.

In addition, Plaintiff seeks damages in the "millions" or "billions" (*id.* at 5, 6), but it is unclear from his complaint how, to a reasonable probability, his claims satisfy the jurisdictional amount for a diversity action – an amount in excess of the sum or value $75,000.

For all of the reasons set forth above, it appears that the Court lacks subject matter jurisdiction to consider this action. In light of Plaintiff's *pro se* status, however, the Court grants Plaintiff leave to file amended complaint to allege facts showing that the Court has subject matter jurisdiction to consider this action; to the extent that Plaintiff asserts claims under state law,

---

[4] Plaintiff does not indicate how Defendant Silicon Graphics is constituted; he does not state whether it is a corporation, a limited liability company, or is constituted in some other form. If it is a limited liability company, Plaintiff must allege the state citizenship of each of its members.

under the court's diversity jurisdiction, he must allege facts showing that the parties are diverse and that his claims in this action, without taking into account his claims in any other lawsuits, satisfy the jurisdictional amount for a diversity action, amount in excess of the sum or value of $75,000.

**C.      Venue**

Plaintiff must further amend his complaint to allege facts showing why this court is a proper venue for this action. Under the applicable venue statute, 28 U.S.C. § 1391(b), a federal civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the federal judicial district where the person is domiciled, and any other "entity with the capacity to sue and be sued," if a defendant, resides in any federal judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* § 1391(c)(1), (2). Also, for venue purposes:

> in a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State, and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts.

§ 1391(d).

Plaintiff does not allege any facts showing that both of the defendants reside within the State of New York and that at least one of them resides with this judicial district.[5] Thus, he does not allege facts sufficient to show that this court is a proper venue for this action under Section 1391(b)(1). In addition, while Plaintiff alleges that he resides in New York County, within this judicial district, he alleges no facts showing where a substantial part of the events or omissions giving rise to his claims occurred or where a substantial part of property that is the subject of the action is situated. Thus, he does not allege facts sufficient to show that this court is a proper venue for this action under Section 1391(b)(2). Accordingly, the Court grants Plaintiff leave to file an amended complaint alleging facts showing why the court is a proper venue for this action.

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. Federal district courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the United States Court of Appeals for the Second Circuit has cautioned that federal district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a valid claim, on his own

---

[5] This judicial district, the Southern District of New York, is comprised of the following New York State counties: (1) New York (New York City Borough of Manhattan); (2) Bronx (New York City Borough of the Bronx); (3) Westchester; (4) Dutchess; (5) Rockland; (6) Orange; (7) Putnam; and (8) Sullivan. 28 U.S.C. § 112(b).

behalf, under state law, under the court's diversity jurisdiction, for which this court is a proper venue, the Court grants Plaintiff 60 days' leave to amend his complaint to detail his claims.

Plaintiff is granted leave to amend his complaint to provide more facts about his claims. In the "Statement of Claim" section of the amended complaint, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, he must provide it. Plaintiff should include all of the information in the amended complaint that he wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a) the names and titles of all relevant people;

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who injured Plaintiff; how Plaintiff was injured; when and where Plaintiff was injured; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## CONCLUSION

As summonses have not been issued, the Court denies Plaintiff's motion for default judgment. (ECF 5.)

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within 60 days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 1:23-CV-6448 (LTS). An amended complaint form is attached to this order. No summonses will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the Court will dismiss this action for the reasons set forth in this order.[6] *See* 28 U.S.C. § 1406(a); Fed. R. Civ. P. 12(h)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   October 10, 2023
         New York, New York

                                         /s/ Laura Taylor Swain
                                         LAURA TAYLOR SWAIN
                                         Chief United States District Judge

---

[6] The Court will not consider Plaintiff's application for the Court to request *pro bono* counsel (ECF 4) until after Plaintiff has filed an amended complaint in compliance with this order.