UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WILLIAMS SCALES,

              Plaintiff,

-against-                          1:23-CV-6448 (LTS)

AMERICAN WEB CODERS; SILICON GRAPHICS,                    ORDER

              Defendants.

LAURA TAYLOR SWAIN, Chief United States District Judge:

By order and judgment dated January 12, 2024, and entered on January 16, 2024, the Court dismissed this *pro se* action. (ECF 8 & 9.) On February 6, 2024, Plaintiff filed a notice of appeal. (ECF 11.) On August 23, 2024, the United States Court of Appeals for the Second Circuit dismissed Plaintiff's appeal as frivolous. *Scales v. Am. Web Coders*, No. 24-348 (2d Cir. Aug. 23, 2024). On November 15, 2024, Plaintiff filed two letters in this court in which he seeks the "reinstatement" of this closed action. (ECF 12 & 13.) The Court liberally construes Plaintiff's letters (ECF 12 & 13) as one motion for relief from a judgment or order, brought under Rule 60(b) of the Federal Rules of Civil Procedure ("Rule 60(b)"). *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *see also Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) (the solicitude afforded to *pro se* litigants takes a variety of forms, including liberal construction of papers, "relaxation of the limitations on the amendment of pleadings," "leniency in the enforcement of other procedural rules," and "deliberate, continuing efforts to ensure that a *pro se* litigant understands what is required of him" (citations omitted)). After reviewing the arguments in Plaintiff's motion, the Court denies the motion.

**DISCUSSION**

Under Rule 60(b), a party may seek relief from a district court's order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b).

The Court has considered Plaintiff's arguments and, even under a liberal interpretation of his motion, Plaintiff has failed to demonstrate that any of the grounds listed in the first five clauses of Rule 60(b) applies. Plaintiff's motion seems to indicate that he disagrees with the Court's reasons for dismissing this action, he does not understand those reasons, or both; none of those is a ground for relief under Rule 60(b)(1) through (5). The Court therefore denies Plaintiff relief under Rule 60(b)(1) through (5).

To the extent that Plaintiff seeks relief under Rule 60(b)(6), the Court must deny him that relief as well. "[A] Rule 60(b)(6) motion must be based upon some reason other than those stated in clauses (1)-(5)." *United Airlines, Inc. v. Brien*, 588 F.3d 158, 175 (2d Cir. 2009) (quoting *Smith v. Sec'y of HHS*, 776 F.2d 1330, 1333 (6th Cir. 1985)). A motion seeking Rule 60(b)(6) relief must show both that the motion was filed within a "reasonable time" and that "'extraordinary circumstances' [exist] to warrant relief." *Old Republic Ins. Co. v. Pac. Fin. Servs. of Am., Inc.*, 301 F.3d 54, 59 (2d Cir. 2002) (citation omitted).

For the reasons discussed above with respect to denying Plaintiff relief under Rule 60(b)(1) through (5), the Court holds that Plaintiff has failed to demonstrate that extraordinary

circumstances exist to warrant relief under Rule 60(b)(6). *See Ackermann v. United States*, 340 U.S. 193, 199-202 (1950). The Court therefore also denies Plaintiff relief under Rule 60(b)(6).

## CONCLUSION

The Court construes Plaintiff's letters (ECF 12 & 13) as one motion for relief from a judgment or order, brought under Rule 60(b) of the Federal Rules of Civil Procedure. The Court denies the motion.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   December 20, 2024
         New York, New York

                                           /s/ Laura Taylor Swain
                                           LAURA TAYLOR SWAIN
                                           Chief United States District Judge